IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2006 NOV 16 P 5:25

CLERK
SO. DIST. OF GA.

REY DAVID VARGAS and
RICHARD WAYNE BIESTER,

    Petitioners,

vs.

JAMES L. LANIER, Warden, Wayne
State Prison; MILTON E. NIX, Chairman,
State Board of Pardons and Paroles,
and JAMES E. DONALD, Commissioner,

    Respondents.

CIVIL ACTION NO.: CV206-081

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioners Rey David Vargas ("Vargas") and Richard Wayne Biester ("Biester"), both of whom are currently incarcerated at Wayne State Prison in Odum, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Vargas and Biester also filed five (5) amendments to their petition, and the Respondents filed an Answer-Response. Respondents filed a Motion to Dismiss, and Vargas and Biester filed a Response and a Supplemental Response to the Motion. Based on the following, Respondents' Motion to Dismiss should be **GRANTED**.

### STATEMENT OF THE CASE

Vargas was convicted after a jury trial of aggravated child molestation in 1986 in the Gwinnett County Superior Court and was sentenced to twenty (20) years' imprisonment.

AO 72A
(Rev. 8/82)

Vargas escaped from custody and received a two (2) year sentence, to be served consecutively to his aggravated child molestation sentence. Vargas was given a tentative parole month of August 1993, but the Board of Pardons and Paroles ("the Board") rescinded this decision and gave Vargas a tentative parole month of April 2003. Vargas was considered for parole in 1998, 2001, and 2004, and the Board denied him parole on each occasion.

Biester was convicted of child molestation and simple battery in 1997 in the Whitfield County Superior Court and was sentenced to ten (10) years' imprisonment and twenty (20) years' probation. The Board applied the parole decision guidelines in 1998 and determined Biester should serve his entire sentence. The Board reviewed Biester's case in 2003 and set a tentative parole month of July 2006; however, in 2005, Beister was informed that he was to serve his entire sentence and would be released in July 2007.

In the instant petition, Vargas and Biester challenge the Board's resolution that any offender convicted of one or more of the twenty (20) listed offenses[1] on or after January 1, 1998, would be required to serve at least 90% of his sentence. Vargas and Biester contend that, because they were convicted prior to the effective date of the Board's resolution, they only had to serve one-third of their sentences before becoming eligible for parole. Respondents assert that the petition Vargas and Biester filed should be dismissed because: the petition does not state a viable claim; it is barred by *res judicata* principles; Biester failed to exhaust; and the petition is untimely filed.

---

[1] These offenses are: residential burglary, attempted rape, voluntary manslaughter, aggravated battery on a police officer, vehicular homicide (while DUI or HV), hijacking a motor vehicle, criminal attempt to murder, aggravated assault on a police officer, aggravated assault (with injury or weapon), enticing a child for an indecent purpose, cruelty to children, child molestation, feticide, incest, statutory rape, bus hijacking, robbery, aggravated stalking, and aggravated battery. (Doc. No. 22, Ex. A, p. 2.)

2

The instant petition is utterly devoid of any merit whatsoever. First, Vargas was convicted of aggravated child molestation, which the Board characterized as one of the "seven deadly sin" offenses. A person convicted of one of these offenses is required to serve 100% of his sentence (Doc. No. 22, Ex. A, p. 1); thus, the 90% time-served policy has no effect on Vargas. In addition, Vargas has been considered for parole by the Board on several occasions, and the Board denied him parole on each occasion. The reasons the Board denied Vargas parole had nothing to do with the 90% time-served policy. (Resp'ts' Exs. 4-6.) Biester was convicted of child molestation. Although this offense is one of the twenty (20) offenses for which an offender must serve at least 90% of his sentence, Biester was convicted in 1997 before this policy change became effective. Biester was notified in 1998 that he was to be released on his maximum release date because the circumstances of his crime "call[ ] for more time in prison than recommended by the guidelines system." (Resp'ts' Ex. 8.) Moreover, Biester was notified in 2003 that his new tentative parole month was July 2006, provided that he completed sex offender counseling before July 2006 and that his failure to do so would result in the Board's decision to delay or deny parole release. (Resp'ts' Ex. 9.) The Board informed Biester in 2005 that he could expect to serve the remainder of his sentence because he refused to complete counseling. (Resp'ts' Ex. 10.) In short, Vargas and Biester have failed to establish that the 90% time-served policy was applied to them or that the Board's determinations to deny them parole were based on this policy. Therefore, Vargas and Biester fail to allege any claim that they are entitled to their requested relief.

To the extent Vargas and Biester assert that the result of the Board's decision to deny them parole is a violation of the right to due process and equal protection, such

3

AO 72A
(Rev. 8/82)

claims are not cognizable in a section 2241 petition. See generally, Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970, 126 L. Ed. 2d 811 (1994); Abello v. Rubino, 63 F.3d 1063 (11th Cir. 1995).

It is unnecessary to address the remaining grounds of Respondents' Motion to Dismiss.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the Respondents' Motion to Dismiss (Doc. No. 24) be **GRANTED**, and the petition for writ of habeas corpus filed by Vargas and Biester pursuant to 28 U.S.C. § 2241 be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 16th day of November, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)